712 So.2d 525 (1998)
STATE of Louisiana
v.
Thomas LISOTTA.
No. 97-KA-407.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 1998.
Paul Connick, Jr., District Attorney, Terry M. Boudreaux, Louise Korns, Assistant District Attorneys, Gretna, for plaintiff-appellee.
*526 William R. Campbell, Jr., New Orleans, for defendant-appellant.
Before GAUDIN, GOTHARD and DALEY, JJ.
GAUDIN, Judge.
This is an appeal by Thomas J. Lisotta following his jury conviction for violation of LSA-R.S. 14:91.11, exhibiting a pornographic tape to a minor, three counts. He was sentenced to one year at hard labor on each of the three counts, to run concurrent with a seven-year sentence Lisotta received for indecent behavior with a juvenile.
The state proved through the testimony of three teenaged girls that Lisotta showed them pornographic video tapes, called "porno movies", in his home in April, 1995.
For the following reasons, we affirm the convictions and sentences. We found no errors patent. Lisotta was sentenced on September 25, 1996, and has been incarcerated since that time. It appears, from the record, that he has finished serving the three one-year sentences, which were to run concurrently with the seven-year sentence but not in consecutive order to each other.
Lisotta contends that his convictions should be reversed for these reasons:
(1) he was improperly convicted because that statute proscribes the commercial exhibition of pornography, not its non-commercial display,
(2) assuming, arguendo, that his conduct does fall within that proscribed by La. R.S. 14:91.11, his conviction should be reversed because the statute is unconstitutionally vague,
(3) the trial court erred in failing to grant a mistrial in light of the prosecution's violation of Article 767 of the Code of Criminal Procedure, and
(4) the trial court erred in allowing the introduction of other crimes evidence, namely the fact that appellant allowed the girls to drink beer.

ASSIGNMENT NO. 1
In pertinent part, R.S. 14:91.11 is as follows:
"The unlawful sale, exhibition, rental, leasing or distribution of material harmful to minors is the intentional sale, allocation, distribution, advertisement, dissemination, exhibition, or display of material harmful to minors, to any unmarried person under the age of seventeen years, or the possession of material harmful to minors with the intent to sell, allocate, advertise, disseminate, exhibit, or display such material to any unmarried person under the age of seventeen years, at a newsstand or any other commercial establishment which is open to persons under the age of seventeen years."
By its plain language, Lisotta argues, the statute pertains only to activity at a newsstand or other commercial establishment, not to videos shown in residences. He contends that the final wording of the statute, "at a newsstand or other commercial establishment which is open to persons under the age of seventeen years," applies to all segments of the statute.
This very issue was addressed in State v. Anderson, 540 So.2d 974 (La.App. 2 Cir. 1989), writs denied at 544 So.2d 398 (La. 1989), cert. denied at 493 U.S. 865, 110 S.Ct. 185, 107 L.Ed.2d 140 (1989). The Anderson defendant loaned a pornographic video to a minor, then argued that R.S. 14:91.11 did not apply because his actions were not of a commercial nature.
The defendant maintained that the phrase "at a newsstand or any other commercial establishment" at the end of the paragraph modifies not only the immediately preceding clause making it unlawful to possess material harmful to minors with the intent to sell, etc., but also to the first clause of the paragraph making it unlawful to actually sell or distribute material harmful to minors.
The Second Circuit did not agree, stating that while the comma between "years" and "at" may have been "inartistically placed," the clear legislative intent was to make it a crime for anyone over 17 to sell, exhibit or distribute obscene material to persons under 17 at a commercial establishment and everywhere else.
*527 Both the Louisiana Supreme Court and the United States Supreme Court affirmed this decision by denying writs.

ASSIGNMENT NO. 2
This assignment of error is related to the first assignment. Lisotta says here that the statute, as worded, does not permit a reasonable person to distinguish between legitimate and criminal activity.
Following this argument, it would not be illegal or in violation of this statute to sell, allocate, distribute, advertise, disseminate, exhibit or display harmful materials to minors so long as it wasn't done at a newsstand or any other commercial establishment. We doubt if any reasonable person could or would so conclude.
Statutes are presumed valid and their constitutionality should be upheld whenever possible. See State v. Griffin, 495 So.2d 1306, 1308 (La.1986). Louisiana criminal statutes must be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.
This statute, R.S. 14:91.11, is entitled: "Sale, exhibition, or distribution of material harmful to minors." Reasonable persons are given adequate notice of what is prohibited and which standards are to be used in determining guilt or innocence in spite of the inadvertently placed comma previously discussed.

ASSIGNMENT NO. 3
In his opening statement, the prosecuting attorney said:
"You're also going to hear from Deputy Kuhn that this defendant made several statements at the time that he was arrested denying certain things, saying things that the State intends to show, prove, that he's guilty, exactly what we say he's guilty of."
Lisotta's trial counsel moved for a mistrial because any statements allegedly made by him had not yet been deemed admissible. LSA-C.Cr.P. art. 767 reads:
"The state shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant unless the statement has been previously ruled admissible in the case."
The record shows that prior to trial, the state had filed a notice of its intent to use and introduce Lisotta's statements into evidence. The purpose of Art. 767 is to prevent surprise and prejudice. In State v. Strickland, 683 So.2d 218 (La.1996), the Louisiana Supreme Court said that if the defense has prior notice of the state's intent to introduce a statement and the statement is properly admitted later, the prosecutor's premature mention of the statement in its opening statement to the jury causes no prejudice.
Here, the deputy's statement was admitted during the trial. State v. Strickland, supra, is controlling; consequently, this assignment of error is without merit.

ASSIGNMENT NO. 4
The trial judge allowed testimony about the girls drinking beer at Lisotta's house while they watched the pornographic videos. Because beer drinking was intertwined with the charged crimes and was closely connected in time and place, this evidence was inseparable from the video viewing and was an integral part of the acts that were the subject of the criminal proceeding. The trial judge's ruling on admissibility of this evidence was not erroneous.
Finding no reversible error in this or any other assignment of error, we affirm Lisotta's conviction under R.S. 14:91.11, three counts.
AFFIRMED.